UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

FELIX PERAZA MORENO, JR.,

    Defendant.
_____/

Case No. 06-20439

Hon. George Caram Steeh

ORDER DENYING MOTION FOR
REDUCTION OF SENTENCE (ECF NO. 19)

Defendant Felix Peraza Moreno, Jr., moves for compassionate release pursuant to 18 U.S.C. § 3582(c).[1] In 2009, Moreno pleaded guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine. The parties anticipated a guidelines range of 235 to 293 months in the plea agreement. The court sentenced Moreno to 240 months of imprisonment, which was the statutory minimum. Moreno is currently housed at Florence FCI and his anticipated release date is April 9, 2026.

---

[1] Defendant also moves to strike the government's response as untimely. The Assistant U.S. Attorney assigned to this case originally retired, resulting in the government's delayed response. Given the court's preference of resolving matters on their merits, it exercises its discretion in favor of accepting the government's brief.

-1-

Moreno seeks a sentence reduction, based upon the COVID-19 pandemic, his good behavior, and a recent change in drug sentencing laws. Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Although compassionate release motions were historically initiated only by the Bureau of Prisons, the First Step Act allows prisoners to file such motions on their own behalf, after exhausting their administrative remedies. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020); *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020).

The parties agree that Moreno has exhausted his administrative remedies, so the court may consider the merits of his motion. When reviewing a compassionate-release motion, the court considers the following: (1) whether "extraordinary and compelling reasons" warrant a sentence reduction; (2) whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) whether "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)" support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir.

2020)). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)).

In the early months of the COVID-19 pandemic, courts found the "extraordinary and compelling" prong to be satisfied based on the increased risk of contracting the virus in prison and a defendant's underlying serious health conditions. *See, e.g.*, *United States v. Mitchell,* 472 F. Supp.3d 403, 407 (E.D. Mich. 2020) (Type 2 diabetes and hypertension, in conjunction with COVID-19 pandemic, constituted extraordinary and compelling reasons); *United States v. Hargrove*, 2021 WL 509905, at *2 (E.D. Mich. Feb. 11, 2021) (heart failure, type 2 diabetes, and severe obesity, among other ailments). However, as pandemic conditions continue to evolve, these factors are less likely to constitute extraordinary and compelling reasons. The widespread availability of vaccines, in particular, has ameliorated the risk of severe health outcomes. Indeed, the Sixth Circuit recently held that "a defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v. Traylor*, 16 F.4th 485, 487

(6th Cir. 2021) (no extraordinary and compelling circumstances based upon serious health conditions when inmate received COVID-19 vaccine).

Moreno has been vaccinated against COVID-19 and has not indicated that he suffers from a serious health condition. Under these circumstances, the pandemic and Moreno's health do not constitute extraordinary and compelling grounds for release.

Moreno mentions his five children in support of his motion. Family circumstances that may warrant compassionate release are generally limited to situations in which the defendant is the only available caregiver for minor children or an incapacitated spouse. *See, e.g., United States v. Gibson*, 2021 WL 2549682, at *4 (E.D. Mich. June 22, 2021) ("[D]istrict courts continue to 'routinely den[y] motions for compassionate release when the defendants cannot show that they would be the only available caregiver of a minor child, even if their incarceration imposes substantial burdens on a spouse or co-parent to a minor child.'"); *United States v. Green*, 2020 WL 6144556, at *3 (E.D. Mich. Oct. 20, 2020). Moreno has not alleged such extraordinary family circumstances here. *See also United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021) ("Section 3582(c)(1)(A) precludes a court from simply taking facts that existed at sentencing and repackaging them as 'extraordinary and compelling.'").

Moreno also cites to changes in drug sentencing laws under section 401 of the First Step Act and Amendment 782 of the Sentencing Guidelines. Under the First Step Act, the mandatory minimum for Moreno's offense was lowered from twenty years to fifteen years. *See United States v. Wills*, 997 F.3d 685, 687 (6th Cir. 2021). Congress did not make this change retroactive, however. *Id.* There is an intra-circuit split within the Sixth Circuit over whether a nonretroactive change in sentencing law can support a finding of "extraordinary and compelling" reasons under § 3582(c)(1)(A). *See, e.g., United States v. Owens*, 996 F.3d 755, 760 (6th Cir. 2021) (district court may consider, "along with other factors, the disparity between a defendant's actual sentence and the sentence that he would receive if the First Step Act applied."); *United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021) (holding that a district court lacks the authority to reduce a defendant's sentence based on a non-retroactive change in the law, whether alone or in combination with other factors).[2]

Notwithstanding this legal uncertainty, the court finds that the particular change in the law at issue here is not substantial enough to constitute an extraordinary and compelling basis for relief. If applied to

---

[2] The court anticipates that this split may be resolved after the en banc hearing granted in *United States v. McCall*, 20 F.4th 1108, 1116 (6th Cir. 2021), *rehrg. en banc granted*, 29 F.4th 816 (2022).

Moreno, section 401 of the First Step Act would have reduced his mandatory minimum to fifteen years instead of twenty. This potential reduction, in itself, is not extraordinary. Contrast this change to section 403 of the First Step Act, which eliminated mandatory, 25-year consecutive sentences for a multiple § 924(c) violations charged in the same indictment, a change that often resulted in decades-long sentencing disparities for the same conduct. *See Owens*, 996 F.3d at 755 (defendant's mandatory minimum of 1260 months would have been reduced to 300 months under the First Step Act); *United States v. Baker*, No. 10-20513, 2020 WL 4696594, at *3 (E.D. Mich. Aug. 13, 2020) (Steeh, J.) (finding "this 'drastic change' in the law, eliminating such lengthy mandatory sentences, constitutes an extraordinary and compelling reason to consider a sentence reduction"). Moreover, it is not clear that a reduction in the mandatory minimum would have affected Moreno's sentence, given that his sentence was within the guidelines range of 235 to 293 months.

Similarly, Amendment 782 to the Sentencing Guidelines does not constitute an extraordinary and compelling basis for relief under the circumstances presented here. Amendment 782 lowered the base offense level for most drug trafficking crimes. In Moreno's case, the government calculates that a two-level reduction in his offense level would have

-6-

resulted in a sentencing guidelines range of 210 to 262 months. The lowering of Moreno's guidelines range, however, does not provide him with a basis for relief under Amendment 782 because he was sentenced to the mandatory minimum, which did not change as a result of that amendment. A defendant's sentence may not be "less than any statutorily required minimum sentence." U.S.S.G. § 5G1.1(c). *See also United States v. Johnson*, 564 F.3d 419, 423 (6th Cir.), *cert. denied*, 558 U.S. 920 (2009) (defendant not eligible for sentence reduction when he received the statutory mandatory minimum); *United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011) (same).

For these reasons, even if the court could consider changes in the sentencing laws since Moreno was sentenced, the court finds that those changes either do not apply to him or are not significant enough to fall into the extraordinary and compelling category.

Moreno also asserts that he has served 74% of his sentence and has been free of disciplinary infractions while incarcerated. Although the court appreciates Moreno's efforts at rehabilitation, it is precluded from considering rehabilitation alone as an extraordinary and compelling reason for release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

-7-

In conclusion, the reasons presented by Moreno, whether considered singly or together, do not present an extraordinary and compelling basis for relief. Accordingly, IT IS HEREBY ORDERED that his motion for compassionate release (ECF No. 19) is DENIED.

IT IS FURTHER ORDERED that Defendant's motion to strike (ECF No. 25) is DENIED.

Dated:  May 19, 2022

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 19, 2022, by electronic and/or ordinary mail and also on Felix Peraza Moreno Jr., #43326-039, FCI Florence, Federal Correctional Institution, Satellite Camp PO Box 5000, Florence, CO  81226.

s/Brianna Sauve
Deputy Clerk